UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-80498-CIV-RYSKAMP/VITUNAC



LOUIS R. CAPECE, JR., GEORGE
CAPECE, SR. and GEORGE
CAPECE, JR.,

    Plaintiffs,

v.

THE DEPOSITORY TRUST AND
CLEARING CORPORATION,
THE DEPOSITORY TRUST
COMPANY and THE NATIONAL
SECURITIES CLEARING
CORPORATION,

    Defendants.
_____/

**CLOSED CASE**

### ORDER CLOSING CASE

THIS CAUSE comes before the Court *sua sponte*. On October 11, 2005, the Court dismissed Plaintiffs' First Amended Complaint on grounds of federal preemption and granted Plaintiffs fifteen (15) days to file a Second Amended Complaint. When no such pleading was forthcoming, the Court issued on November 28, 2005 an Order directing Plaintiffs to show cause why this action should not be dismissed for lack of prosecution. On December 13, 2005, the Court granted Plaintiffs' counsel's Motion to Withdraw and allowed Plaintiffs until January 8, 2006 to obtain new counsel and file a Second Amended Complaint.



UNITED STATES DISTRICT COURT
                                                                    SOUTHERN DISTRICT OF FLORIDA

The next filing the Court received was Defendants' January 18, 2006 Response in Opposition to Plaintiffs' Motion for Extension of Time to Obtain New Counsel. Defendants' Motion indicated that Plaintiffs desired sixty (60) additional days to retain counsel. The Court did not receive Plaintiffs' motion requesting the extension, however.

On January 27, 2006, the Court issued an order requesting that Plaintiffs file with the Court within five (5) days their request for an extension of time to obtain counsel. The motion was not forthcoming. On February 14, 2006, the Court again requested that Plaintiffs file their request for an extension. The Court warned Plaintiffs that failure to file the motion by February 22, 2006 would result in dismissal of this action for failure to prosecute.

The February 22, 2006 deadline has passed without the Court receiving Plaintiffs' Motion. Dismissal of this action for failure to prosecute is thus warranted. "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash Ry. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389 (1962). See also In re Mroz, 65 F.3d 1567, 1575 n.9 (11th Cir. 1995) (federal district courts may *sua sponte* dismiss actions for failure to prosecute). Even if the Court had received Plaintiffs' motion, it would not have granted the request for a sixty (60) day extension in light of its prior forbearance concerning deadlines. Accordingly, it is hereby

ORDERED AND ADJUDGED that this matter is DISMISSED WITHOUT PREJUDICE for failure to prosecute. The Clerk of Court shall CLOSE this case and DENY any pending

Page 3                                           **UNITED STATES DISTRICT COURT**
                                                 **SOUTHERN DISTRICT OF FLORIDA**

motions as MOOT.

 DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 24 day of

February, 2006.

Copies provided:
All parties and counsel of record

          KENNETH L. RYSKAMP
          UNITED STATES DISTRICT JUDGE